# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-56-JJF |
| | ) | |
| IGAL SHARON LEVY, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

COLM F. CONNOLLY
United States Attorney

By:_____/s/_____
    Christopher J. Burke
    Assistant United States Attorney
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, Delaware 19899-2046
    (302) 573-6277

Dated:   November 9, 2006

# TABLE OF CONTENTS

**Page**

<u>GENERAL</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 3

EVIDENCE DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>NATURE OF THE CHARGES</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

SEPARATE CONSIDERATION
DEFENDANT CHARGED WITH MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . .14

PROOF OF INTENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

COUNTS I AND II
WIRE FRAUD
ESSENTIAL ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

COUNT III
CREDIT CARD FRAUD – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 20

UNAUTHORIZED ACCESS DEVICE – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

**Page**

INTENT TO DEFRAUD – DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

AFFECTING INTERSTATE COMMERCE – DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

GOOD FAITH DEFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

DELIBERATIONS AND VERDICT

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01.

## **JUROR'S DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02.

2

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## <u>REASONABLE DOUBT</u>

As you know, the defendant has pleaded not guilty to the crimes charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

3

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.03.

4

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.04.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.05.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.06.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness' intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is your job as jurors to determine whether an incorrect statement or prior inconsistent statement discredits the witness' testimony.

But bear in mind that an innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error

9

or intentional falsehood.

You have heard the testimony of a law enforcement officer. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. A law enforcement witness' credibility should be judged in the same way as any other witness.

Adapted: Pattern Civil Jury Instructions, 5th Circuit, § 2.16; 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at 7-16, 76-4 (2006).

## DEFENDANT'S TESTIMONY

You have heard the defendant testify.  The defendant's credibility should be judged in the same way as any other witness.

Adapted:  Pattern Criminal Jury Instructions, 6th Circuit, § 7.02B.

11

## **DEFENDANT'S ELECTION NOT TO TESTIFY**

The defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Pattern Criminal Jury Instructions, 6th Circuit, § 7.02A.

## **NATURE OF THE CHARGES**

### **INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

13

## SEPARATE CONSIDERATION
## <u>DEFENDANT CHARGED WITH MULTIPLE CRIMES</u>

The defendant has been charged with multiple crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a  reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01A.

14

## **PROOF OF INTENT**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.08.

15

## COUNTS I AND II
## WIRE FRAUD
## ESSENTIAL ELEMENTS

Counts I and II of the Indictment charge the defendant with the crime of Wire Fraud.  In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**      That there was a scheme or artifice to defraud;

**Second:**    That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

**Third:**     That in advancing, furthering, or carrying out the scheme, the defendant caused interstate wire communications to take place as specified in the Indictment.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

### First Element:

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud.

A "scheme or artifice to defraud" is a scheme that demonstrates a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community.  Count I of the Indictment in this case alleges that such a scheme was accomplished through the transmission of a wire communication requesting that an electronic payment in the amount of $75,000 be made from a Consumer Electronics Warehouse account at PNC Bank to an American Express account.  Count II alleges that the scheme was accomplished through the

16

transmission of a second wire communication requesting that an electronic payment in the amount of $75,000 be made from the same Consumer Electronics Warehouse account at PNC Bank to the same American Express account.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

<u>**Second Element**</u>:

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly and with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat. An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

17

In order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to defraud and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of defrauding another person or entity. If you find that the defendant was not a knowing participant in the scheme or that he lacked the intent to defraud, you should acquit him.

### **Third Element**:

The third and final element that the Government must establish beyond a reasonable doubt is the transmission of an interstate wire communication in furtherance of the scheme to defraud. The transmission of a wire communication as I have used it here includes any use of the telephone lines or other interstate wires for communications, as for example, between computers. It also includes the electronic transfers of funds.

The wire communication need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wire communication to be transmitted by others. This does not mean that the defendant must specifically have authorized others to do the transmitting. When one does an act with knowledge that the wire communication will follow in the ordinary

18

course of business or where such wire communication can reasonably be foreseen, even though not actually intended, then he causes the wire communication to be transmitted.

With respect to the wire communications, the government must establish beyond a reasonable doubt the particular wire communications charged in the Indictment. However, the government does not have to prove that the wire communications were transmitted on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire communication was transmitted on a date substantially similar or close in time to the date charged in the Indictment.

18 U.S.C. § 1343; L. Sand, *et al.*, Modern Federal Jury Instructions, at 44-4, 44-5, 44-7 (2006); United States v. Antico, 275 F.3d 245, 261 (3d Cir. 2001); United States v. Monostra, 125 F.3d 183, 186-87 (3d Cir. 1997); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, 4th Edition, Section 40.14.

## COUNT III
## CREDIT CARD FRAUD – DEFINED

Count III of the Indictment charges the defendant with Credit Card Fraud in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

**First:**    That the defendant knowingly used an unauthorized access device;

**Second:**    That he did so with the intent to defraud;

**Third:**    That he thereby gained property in excess of $1,000 during the period of less than one year; and

**Fourth:**    That these actions affected interstate commerce.

18 U.S.C. § 1029(a)(2).

## UNAUTHORIZED ACCESS DEVICE – DEFINED

By "access device," I mean any credit card or credit card account number that can be used to obtain money, goods, services or any other thing of value.

By the term "unauthorized access device," I mean any access device that is expired, revoked, canceled or obtained with intent to defraud.

18 U.S.C. § 1029(e)(1) and (3).

21

## INTENT TO DEFRAUD – DEFINED

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

2 Devitt and Blackmar, <u>Federal Jury Practice and Instructions,</u> 4th Edition, Section 40.14.

## AFFECTING INTERSTATE COMMERCE – DEFINED

Interstate commerce means the movement of goods or funds between two or more states. For example, if the use of a credit card or credit card account number caused a bank or business to transfer funds across a state line, that would be affecting interstate commerce within the meaning of this law.

Adapted:  Pattern Criminal Jury Instructions, 6th Cir. § 10.02

23

**GOOD FAITH DEFENSE**

As I have just explained, the offenses of Wire Fraud and Credit Card Fraud charged in the Indictment each require proof that the defendant acted with "intent to defraud." Defendant's "good faith" is an absolute defense to the charges in this case.

You are instructed that a statement or representation made with a good faith belief in its accuracy does not amount to a false statement or representation and is not a crime. This is so even if the statement is, in fact, erroneous. However, a defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, he also knowingly engages in a scheme to defraud or makes false or fraudulent pretenses, representations or promises to others.

The fact that I referred to this as a defense does not mean that a defendant has the burden of establishing a defense of good faith. A defendant is under no burden to prove his good faith. The burden here, as always, is on the Government to establish beyond a reasonable doubt a fraudulent intent and the consequent lack of good faith.

No amount of honest belief that a scheme would ultimately make enough money to pay back its victims can justify engaging in a scheme to defraud or making baseless, false or reckless misrepresentations or promises.

Pattern Criminal Jury Instructions, 6th Cir. § 10.04; L. Sand, *et al.*, Modern Federal Jury Instructions, at 44-5 (2006); United States v. Ballard, 322 U.S. 78, 82 (1944); United States v. Boyer, 694 F.2d 58, 60 (3d Cir. 1982)

24

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.01.

25

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the charges in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charges in the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.03.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.04.

27

## PUNISHMENT

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.05.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.06.

29

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have

said or done during this trial was meant to influence your decision in any way.  You decide for

yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.09.

30

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____/s/_____
                Christopher J. Burke
                Assistant United States Attorney

Dated: November 9, 2006

31

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-56-JJF |
| | ) |
| IGAL SHARON LEVY, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 9th day of November, 2006, I caused to be electronically filed **Joint Proposed Jury Instructions** with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF and will be electronically transmitted to the following:

Raymond M. Radulski, Esq.
1225 N. King Street
Legal Arts Building, Suite 301
Wilmington, DE 19801

_____
/s/
Christopher J. Burke
Assistant United States Attorney

32