IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-56-JJF |
| | ) | |
| IGAL SHARON LEVY, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL / MOTION TO STAY REPORTING DATE**

NOW COMES the United States of America, by and through its undersigned attorneys, and hereby submits the following:

**I.    Procedural Background**

On November 14, 2006, after a two-day trial, the defendant was found guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2). A Sentencing Hearing was held on February 20, 2007, during which the Court sentenced the defendant to 40 months of incarceration on each count, to be served concurrently. A Judgment (D. I. 23) was filed on March 1, 2007 and the defendant filed a Notice of Appeal on March 2, 2007 (D. I. 24).

At the Sentencing Hearing, the defendant requested that he be permitted to surrender himself to the United States Marshal for this district at a later date, as opposed to being incarcerated at the culmination of the hearing. The Government did not object to this request and the Court

subsequently ordered that the defendant surrender himself to the United States Marshal on March 16, 2007 at 9:30 a.m. D. I. 23 at 2.

On March 2, 2007, the defendant filed a "Motion for Release Pending Appeal / Motion to Stay Reporting Date" (D. I. 25). In that pleading, the defendant first requests that he be released pending the completion of his appeal, pursuant to 18 U.S.C. § 3143(b) ("Section 3143(b)"). D. I. 25 at ¶ 4-9. In the alternative, if the Court does not grant that request, the defendant requests that the Court stay the defendant's reporting date until April 16, 2007. *Id.* at ¶ 10. For the reasons set forth below, the Government objects to both of the defendant's motions and submits that the defendant should be required to report to the United States Marshal as scheduled on March 16, 2007.

## II.   Motion for Release Pending Appeal

With respect to the defendant's motion for release pending the completion of his appeal under Section 3143(b), he has the burden of showing, by clear and convincing evidence: (1) that if he is released, he is not likely to flee or pose a danger to the safety of any other person or the community; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is determined favorably to the defendant on appeal, the decision is likely to result in a reversal or an order for a new trial on all counts for which imprisonment was imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal. 18 U.S.C. § 3143(b); *see also United States v. Miller,* 753 F.2d 19, 22-24 (3d Cir. 1985) (discussing these criteria); *United States v. Wright*, Crim. Act. No. 01-63-GMS, 2003 WL 1338272, *1 (D. Del. Mar. 18, 2003). Under Section 3143(b), during the post-conviction period,

there is a statutory presumption in favor of detention, which will be overcome only in exceptional circumstances. *Miller,* 753 F.2d at 22. The defendant's motion is not sufficient to meet the burdens set forth in the third and fourth Section 3143(b) requirements.

As an initial matter, the defendant's motion must fail because it does not meet its burden as to the third Section 3143(b) requirement, in that the appellate issues discussed in the motion do not raise a substantial question of law or fact. A "substantial" question is one that is both "significant" and that "is either novel, [] has not been decided by controlling precedent, or [] is fairly doubtful." *Miller,* 753 F.2d at 23; *United States v. Smith,* 793 F.2d 85, 88-89 (3d Cir. 1986). To be deemed "significant," the issue on appeal must be "debatable among jurists of reason," or is "adequate to deserve encouragement to proceed further." *Smith,* 793 F.2d at 89 (citations and internal quotation marks omitted); *Wright,* 2003 WL 1338272 at *1.

In framing the appellate issues in this case, the defendant's motion suggests that the Court erred in that it (1) did not "focus[] on the statutory factors [set forth in 18 U.S.C. § 3553(a)]," but instead "'polled' a representative of the victim [Circuit City] and the Government" and simply acceded to the "wishes of the victim's representative and the prosecutor for a lengthy sentence"; and (2) wrongly considered the "defendant's prior bankruptcy proceeding [as] as factor which weighed in favor of a lengthy sentence of incarceration." D. I. 25 at ¶¶ 4-5.

These issues are not "significant" under the meaning of Third Circuit case law, as they are not debatable among jurists nor adequate to deserve encouragement to proceed further, for the following reasons:

- First, with respect to the defendant's contention that the Court did not focus on the Section 3553(a) factors in imposing sentence, the defendant is simply incorrect. The Court in fact spent considerable time outlining why the sentence imposed reflected the

3

seriousness of the offense (noting, for example, the very large amount money that the defendant gained from his fraud over the course of only a few months) and why the sentence imposed should deter future criminal conduct – factors specifically delineated in Section 3553(a).

- Second, with regard to the defendant's suggestion that the Court somehow wrongly considered the views of the Government and the victim in fashioning sentence, the Court's actions were clearly appropriate. Both the Government's and the victim's comments at sentencing – which referenced the defendant's history and characteristics and the nature and circumstances of his conduct in this case – related directly to the very Section 3553(a) factors that the Court was statutorily required to consider. *See* 18 U.S.C. § 3553(a)(1). The Government, as a party to the case, has a right to be heard at sentencing, as does the victim, who is statutorily permitted to speak pursuant to the terms of 18 U.S.C. § 3771(a)(4). The Court's comments at sentencing indicated that it considered the Government's and Circuit City's presentations, along with other information relevant to the Section 3553(a) factors, in fashioning an appropriate sentence. The defendant cannot and does not cite any legal authority that suggests that the Court acted in error.

- Third, with respect to the defendant's claim that the Court wrongly considered the defendant's prior bankruptcy proceeding in its sentencing determination, the Court did not commit any error. The defendant appears to suggest that the bankruptcy proceeding has nothing to do with the Section 3553(a) factors and that the Court was thus wrong to consider it as a fact relevant to sentencing. D. I. 25 at ¶ 5. But this is an incorrect premise. In this case, the defendant had filed for federal bankruptcy protection (with associated debt totaling more than $6 million) just weeks before beginning his fraudulent credit card scheme. As the Government emphasized at sentencing, that fact is relevant to multiple Section 3553(a) factors, including the "history and characteristics of the defendant," in that it amplifies the egregiousness of the defendant fraudulent conduct in this case. While declaring his inability to pay back multiple creditors to whom he owed millions, the defendant, at the same time, was taking fraudulent action to run up hundreds of thousands of dollars in debt on an unsuspecting future victim – Circuit City. The Court committed no error in considering that fact as part of its Section 3553(a) analysis, and the defendant points to no legal authority to the contrary.

Thus, for the reasons set forth above, the defendant's appellate arguments are not "significant." Moreover, nowhere does the defendant explain how any of its arguments are either "novel, ha[ve] not been decided by controlling precedent, or [are] fairly doubtful." Instead, those arguments amount to a claim that the Court did not sufficiently consider the Section 3553(a) factors in

fashioning a sentence -- an argument that is not a novel legal question nor one whose outcome in this case is fairly doubtful. Therefore, the defendant's motion should be denied for its failure to raise a substantial question of law or fact.

The motion for release pending appeal should also be denied on the grounds that it does not meet the fourth Section 3143(b) requirement: that even if the defendant's appellate arguments amount to a substantial question of law or fact, and are determined favorably to the defendant on appeal, such a decision is not one "likely to result in a reversal, an order for a new trial on all counts for which imprisonment was imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal." The phrase "likely to result in reversal or an order for a new trial . . ." does not require courts to "predict the probability of reversal" or of the other outcomes listed above. *Miller,* 753 F.2d at 23. Instead, the language refers to the "significance of the substantial issue to the ultimate disposition of the appeal." *Id.* Thus, the fourth requirement is met only in cases where "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial" or one of the other favorable outcomes listed in Section 1343. *Id.*

In this case, even were the defendant to succeed in its appellate arguments, those arguments are not so integral to the sentence imposed as to make a significantly reduced sentence likely after appeal. Aside from the comments of the Government and the victim at sentencing or the facts regarding the defendant's prior bankruptcy, the Court considered a host of other facts at sentencing that were relevant to the Section 3553(a) factors. These facts, including those brought forward at trial demonstrating how the defendant defrauded Circuit City out of nearly $600,000 in less than four

months, would amply justify a sentence of 40 months of incarceration. Therefore, the defendant's appellate arguments are not, even if successful, "likely to result" in one of the favorable outcomes listed in Section 3143(b). His motion should be denied on this basis as well.

### III. Motion To Stay Reporting Date

At sentencing, the Government did not object to the defendant's request the he be permitted to surrender himself to the United States Marshal in the near future, a date that has now been set for March 16, 2007. The defendant was, as a result of this Court's order, granted nearly a month to provide himself the opportunity to put his personal and financial affairs in order prior to beginning his period of incarceration – an opportunity that many defendants are not permitted. Having had that opportunity, the defendant should be required to report as scheduled to begin his sentence.

In requesting that his reporting deadline be stayed until April 16, 2007, the defendant suggests that he will primarily use this time to work at his business, Consumer Electronics Warehouse, and train his employees to run the business in a prosperous fashion that will permit him to make restitution to Circuit City well into the future. D. I. 25 at ¶ 9. Yet there is a real cost to the defendant's continued association with CEW. The Consumer Protection Unit of the Delaware Attorney General's Office has recently reported to the Government that, even after the defendant's arrest in this case, it has dealt with a steady stream of complaints regarding the defendant's work at CEW. The Consumer Protection Unit received a complaint about CEW in October 2006, three in December 2006, a few more in January 2007 and five more in February 2007 – all involving either CEW's failure to deliver products to customers or CEW's failure to refund money to customers for

6

undelivered products. The Consumer Protection Unit has expended considerable resources in attempting to resolve those complaints and make whole aggrieved consumers.

In light of the interest of the public in the swift imposition of punishment for the defendant's criminal wrongdoing, as well as the continuing detriment to the public that the defendant's business activity has created, the defendant's motion for a stay in his reporting date should be denied. The defendant should be required to report as scheduled to the United States Marshal on March 16, 2007.

                    Respectfully submitted,

                    COLM F. CONNOLLY
                    United States Attorney

BY:_____/s/_____
                    Christopher J. Burke
                    Assistant United States Attorney

Dated: March 8, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-56-JJF |
| | ) |
| IGAL SHARON LEVY, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 8th day of March, 2007, I caused to be electronically filed **Response of the United States to Defendant's Motion for Release Pending Appeal / Motion to Stay Reporting Date** with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF and will be electronically transmitted to the following:

Raymond M. Radulski, Esq.
1225 N. King Street
Legal Arts Building, Suite 301
Wilmington, DE 19801

/s/
Christopher J. Burke
Assistant United States Attorney